(27 Misc. Rep. 49.)

HOLM et al. v. APPLEBY.

(Supreme Court, Special Term, New York County.   March, 1899.)

PLEADING—AMENDMENT OF COURSE.
Under Code Civ. Proc. § 542, providing that "within twenty days after a pleading, or the answer or demurrer thereto, is served, or at any time before the period for answering it expires, the pleading may be once amended by the party of course," a complaint cannot be amended as of course within 20 days after service of a reply to defendant's counterclaim.

Action by Charles F. Holm and another against James Appleby. On motion to compel defendant to accept service of amended complaint.   Denied.

The complaint was served on November 11, 1898; the answer, containing a counterclaim, on January 14, 1899; and the reply on February 1st following. On the 21st day of the last-mentioned month an amended complaint was served by mail, which was subsequently returned upon the ground that the time to serve had expired.   The plaintiff then made this motion.

Paul B. Scarff, for the motion.
Hawke & Flannery, opposed.

GIEGERICH, J.   There seems to be no reason to doubt the plaintiff's good faith, and the only point in dispute is as to whether the complaint could be amended, as of course, under section 542 of the Code of Civil Procedure, within 20 days after service of plaintiff's reply to the defendant's counterclaim.   I am clearly of the opinion that it could not.   The obvious purport of the statute is that a party may amend his pleading before or within 20 days after his opponent pleads to that pleading.   When the time for joining an issue of law or fact upon a pleading has expired, and issue is joined, there is no authority for an amendment of such pleading merely because issues upon a subsequent pleading by the same party may not have been concluded.   If plaintiff's practice is proper, it would also be permissible for a plaintiff to demur to the answer, and then amend the complaint within 20 days after service of the demurrer, but this course is not supported by section 542, nor by any authority.   The case of Seaman v. McClosky, 23 Misc. Rep. 445, 53 N. Y. Supp. 554, cited by plaintiff, holds merely that the amendment of the answer may follow the reply, which is no more than in strict accord with the statute.

Motion to compel acceptance of service denied, with $10 costs.